In the Matter of BERNARD TOMPKINS, Petitioner, against PAUL MERCIER, Respondent.— The petition, made directly and initially to this court, seeks the removal of Paul Mercier from the office of Superintendent of Highways of the Town of Esopus, Ulster County, New York, under the authority of section 36 of the Public Officers Law. The pertinent provisions of that section are: "Any town * * * officer * * * may be removed from office by the supreme court for any misconduct, maladministration, malfeasance or malversation in office. An application for such removal may be made by any citizen resident of such town * * * or by the district attorney of the county in which such town * * * is located, and shall be made to the appellate division of the supreme court held within the judicial department embracing such town". The petitioner is Bernard Tompkins, Special Assistant Attorney-General of the State of New York, in charge of an investigation in Ulster County, by appointment pursuant to subdivision 2 of section 63 of the Executive Law. The petition does not allege that he is a "citizen resident of such town" or that he is the District Attorney of the county. Concededly he is neither. Mercier moves to dismiss the petition on points of law, one of which is that the petitioner is not a person authorized by law to initiate the proceeding. With that point we are constrained to agree. On its face the petition alleges adequate grounds for removal, and we do not agree that criminal prosecution is the exclusive procedure. We must dismiss the petition, not for lack of meritorious allegations contained therein, but for the lack of power and authority granted by the Legislature to this court. The court has no power whatever to remove a town officer except as it is expressly conferred by the Legislature, and in accordance with the conditions imposed. Section 36 of the Public Officers Law authorizes us to entertain such an application only when it is made by a citizen resident of the town or the District Attorney of the county. Without an application from someone within those two categories we are completely without authority to act. Petitioner urges that he supersedes the District Attorney and has all the power of the District Attorney. That is undoubtedly true as far as "criminal actions and proceedings" are concerned. (Executive Law, § 63, subd. 2.) But a proceeding to remove a town officer under section 36 of the Public Officers Law is a civil proceeding, finding no authority of removal outside the terms of that specific section. Nowhere do we find any authority for a Grand Jury or Special Assistant Attorney-General to make the application, and hence we find no authority for this court to pass upon the merits of the petition unless and until a person authorized by the Legislature makes the application. Petition dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

In the Matter of BERNARD TOMPKINS, Petitioner, against AMOS S. STOKES, Respondent.— Petition dismissed, without costs. (See *Matter of Tompkins* v. *Mercier*, 11 A D 2d 895.) Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

In the Matter of the Application for the Appointment of a Committee of the Person and Property of MAUDE WEST, an Alleged Incompetent Person.— Motion for a stay denied, without costs. Present— Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.